# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### June 4, 2002 Session

## STATE OF TENNESSEE v. RONNIE WATSON

### Appeal from the Circuit Court for Gibson County
### No. 15857     L.T. Lafferty, Judge

---

### No. W2001-03084-CCA-R3-CD  - Filed September 16, 2002

---

Convicted of aggravated robbery, Ronnie Watson appeals the Gibson County Circuit Court's denial of his motion to suppress the statements he gave to a law enforcement officer shortly after the commission of the crime.  We hold that the issue has been waived by Watson's failure to include it in his motion for new trial.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Thomas H. Strawn, Dyersburg, Tennessee, Attorney for Appellant, Ronnie Watson.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; Garry G. Brown, District Attorney General; and William D. Bowen, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On March 12, 2000, Laura and Bryan Ernest were robbed inside Central Store in Gibson County, which is owned by Bryan Ernest's mother.  The store was not open for business at the time.  The perpetrator, later identified as the defendant, pointed the pocket of his jacket at the Ernests in a manner indicating that he may have had a gun inside.  He threatened to make the robbery a "double homicide" if they did not relinquish the money from the store's cash register.  The Ernests complied, and the perpetrator fled in a silver car.

Shortly thereafter, the authorities stopped the defendant after they spotted him driving a silver car with front-end damage at a high rate of speed.  He was detained and transported to Central Store, where the Ernests both identified him as the individual who had robbed them.  The defendant was placed under arrest and transported to the jail.

Once at the jail, he was questioned by Investigator Sean Shepard. The defendant admitted that he had committed the crime and claimed he did so to obtain money for his crack cocaine addiction. He gave Investigator Shepard both a handwritten statement and a recorded statement.

After criminal proceedings were initiated, the defendant filed a motion to suppress these statements. He claimed at the suppression hearing that he did not knowingly, voluntarily, or intelligently waive his constitutional rights prior to giving the statements.[1] The trial court rejected the defendant's factual proof and ruled that the statements were admissible.

At trial, the defendant was convicted of aggravated robbery, theft under $500, and two counts of assault. He was sentenced as a Persistent Offender to serve 26 years in the Department of Correction. After the trial court overruled his motion for new trial, this appeal followed.

The defendant claims in this court that the trial court erred in its ruling that his confessory statements were admissible. However, he has waived our consideration of this issue.

First, the defendant failed to raise the suppression issue in his motion for new trial as required by Tennessee Rule of Appellate Procedure 3(e) as a predicate to appellate review. The defendant's written motion raises only the question of sufficiency of the evidence. At the hearing on the motion for new trial, the defendant argued that the proof was insufficient to support the verdict. Defense counsel did mention in his argument at the hearing that the voluntariness of the statement had been an issue in the earlier proceedings; however, the manner in which he raised this issue challenged the jury's finding of sufficient evidence of the defendant's guilt notwithstanding the defense evidence that the defendant was not capable of making voluntary statements following his arrest. Defense counsel specifically requested at the hearing "that the Court grant a new trial *based upon the fact that the evidence is insufficient*." (Emphasis added.) It is by now well settled that failure to raise an issue relative to evidence admission or exclusion in the motion for new trial waives that issue for purposes of appellate review. *See* Tenn. R. App. P. 3(e). Our review of the defendant's suppression issue was waived when it was not included in the motion for new trial. *See id.*

Even if we were to construe the defendant's argument at the hearing on the motion for new trial to be an oral amendment including the suppression issue as a free-standing basis for seeking a new trial, the issue nevertheless was waived when the defendant failed to reduce any oral amendment to writing within 30 days of entry of the order of sentence. *See* Tenn. R. Crim. P. 33(b); *State v. Christopher D. Lanier*, No. W2001-00379-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Feb. 1, 2002).

Our consideration of the defendant's suppression issue is waived for two additional reasons. The defendant's appellate brief is deficient in citation (1) to the record and (2) to pertinent

---

[1]The record does not contain a written motion to suppress.

authority. The Rules of Appellate Procedure require that briefs include "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." Tenn. R. App. P. 27(a)(6). The majority of the facts recited in the defendant's statement of facts have no corresponding citation to the record. The Rules of Appellate Procedure also require that citations to authority and references to the record be included in the argument portion of the brief. *Id.* at 27(a)(7). The defendant's brief contains only one citation to authority and none to the record. Moreover, the solitary citation employed by the defendant supports an assertion of law that is legally inaccurate. The rules of this court direct waiver of issues not supported by citation to authorities or appropriate references to the record. *See* Tenn. R. Ct. Crim. App. 10(b). The issue is waived for these additional reasons.

Accordingly, we hold that the suppression issue has been waived. We affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE